# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| JOEL VILLANUEVA, JR.,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC, et al.,<br><br>Defendants. | Case No. 8:25-cv-02047-DFM<br><br>ORDER DENYING MOTION TO REMAND (Dkt. 12) |

The parties have consented to the jurisdiction of the undersigned U.S. Magistrate Judge. See Dkt. 11. Plaintiff Joel Villanueva Jr. ("Villanueva") moves for an order remanding this action to state court. See Dkt. 12 ("Motion"). Defendant General Motors LLC ("GM" or "Defendant") opposed. See Dkt. 13 ("Opp'n"). Villanueva replied. See Dkt. 14 ("Reply").

The Court found that oral argument on this motion was not necessary. See Dkt. 15. For the reasons set forth below, Villanueva's Motion is DENIED.

## I. BACKGROUND

On April 7, 2025, Villanueva filed this lawsuit in Los Angeles County Superior Court, alleging claims under California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 et seq. and the federal Magnuson-Moss

Warranty Act ("MMWA"), 15 U.S.C. §§ 2301-2312. See Dkt. 1-1 ("Complaint"). Villanueva seeks actual damages; restitution; a civil penalty in the amount of twice actual damages; consequential and incidental damages; remedies authorized by the California Commercial Code; attorneys' fees and costs; prejudgment interest; and other appropriate relief. See id. at 6.

GM was served with the summons and Complaint on April 11, 2025.[1] See Dkt. 12-1, Declaration of Michelle Yang, Esq. In Support of Plaintiff's Motion to Remand ¶ 5. GM filed an Answer in Superior Court on July 1, 2025 (Dkt. 1-2) but waited until September 10, 2025 to remove the case to federal district court, invoking diversity jurisdiction. See Dkt. 1 ("NOR").

In the Motion, Villanueva primarily contends that GM's removal is "clearly untimely" and thus "procedurally defective" because (1) "Plaintiff's Complaint includes a cause of action brought under federal law" (that is, the MMWA claim), and (2) "[a]lthough Plaintiff's state court complaint does not allege a specific dollar amount in controversy, it is impossible to believe that Defendant could not ascertain the amount in controversy exceeded $50,000.00 based on the face of the complaint alone." Motion at 9-14. Villanueva also appears to argue that GM has not met its burden of establishing that the amount in controversy exceeds $50,000. See id. at 14-16.

In opposition, GM asserts that the Complaint did not provide notice of grounds for removal and its NOR is not untimely because the Complaint was "strategically drafted to be ambiguous as to jurisdictional facts" and the measure and values of the amount in controversy are indeterminate from the Complaint. See Opp'n at 10-11, 17-19. Additionally, noting that Villanueva's counsel did not raise a challenge to GM's allegations that the amount in

---

[1] Villanueva's Reply states that "GM was served with the Complaint on September 8, 2025," but that would postdate GM's Answer. See Reply at 6.

2

controversy exceeded $75,000 during the parties' meet-and-confer on the Motion, GM asserts that it has established the amount in controversy by a preponderance of the evidence. See id. at 12, 23-25.

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. See City of Chi. v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). Courts strictly construe the removal statute against removal jurisdiction. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005); Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Luther, 533 F.3d at 1034 (citation omitted). Remand to state court may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. See 28 U.S.C. § 1447(c).

"The mechanics and requirements for removal are governed by 28 U.S.C. § 1446." Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1139 (9th Cir. 2013). "Section 1446(b) identifies two thirty-day periods for removing a case." Id. (internal quotation marks and citation omitted). "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face." Id. (internal quotation marks and citation omitted). For the first thirty-day removal period to apply, "the ground for removal must be revealed affirmatively in the initial pleading" "[t]o avoid saddling defendants with the burden of investigating jurisdictional facts." Id.

(internal quotation marks omitted) (citing Harris, 425 F.3d at 695). If the ground for removal does not appear from the face of the initial pleading, the second thirty-day removal period is triggered when "the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." Id. (internal quotation marks and citation omitted).

## III.  DISCUSSION

Villanueva has not argued that he served an "other paper" that triggered the 28 U.S.C. § 1446(b) thirty-day removal deadline. Thus, the resolution of the Motion turns on whether the grounds for removal were sufficiently clear from the face of the Complaint, and if not, whether GM carried its burden on removal to establish subject matter jurisdiction. For the reasons set forth below, the Court concludes that the grounds for removal were not sufficiently clear from the face of the Complaint and GM's NOR was therefore timely. The Court further concludes that GM met its burden on removal of establishing subject matter jurisdiction and, to the extent Villanueva challenges GM's jurisdictional allegations, GM has presented sufficient evidence concerning the same.

Villanueva contends that the grounds for removal were set forth on the face of the Complaint because it alleges an "independent claim under the Federal [MMWA], [which] formed the basis of federal question jurisdiction when initially filed on April 7, 2025." Motion at 10. But the MMWA states that "[n]o claim shall be cognizable . . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). Thus, "[i]n order [to] file a claim in district court under the [MMWA], the amount in controversy must be at least $50,000." Guerrero v. Mercedes-Benz USA, LLC, No. 23-0242, 2023 WL 4085975, at *1 (C.D. Cal. June 20, 2023)

(citing 15 U.S.C. § 2310(d)(3)(B)). As explained below, the Complaint is indeterminate as to the amount in controversy. Accordingly, Villanueva's MMWA claim did not independently provide grounds for removal based on federal question jurisdiction because the Complaint still needed to sufficiently allege an amount in controversy of $50,000.

Next, Villanueva contends that even though the Complaint does not allege an amount in controversy, "it is impossible to believe that Defendant could not ascertain the amount in controversy exceeded $50,0000.00 based on the face of the complaint alone." Motion at 11. "Given its sophisticated knowledge of the motor vehicle industry, Defendant GM has, at a minimum, a rudimentary understanding or ability to ascertain an approximation of the Subject Vehicle's market value as the manufacturer and distributor of the Subject Vehicle; especially given that the make, model, year, and VIN, were included within the factual bases alleged within the Complaint." Id. at 12.

The Ninth Circuit has foreclosed this type of argument. Instead, the Ninth Circuit has turned to "a bright-line approach" that relies on "objective analysis of the pleadings" instead of asking "whether [a] defendant had subjective knowledge, or whether [a] defendant conducted [a] sufficient inquiry." Harris, 425 F.3d at 697. Thus, "bare allegations of the make and model of the vehicle and broad claims for broad categories of damages are insufficient to trigger the removal deadline." Torres v. General Motors LLC, No. 25-6820, 2025 WL 2848989, at *3 (C.D. Cal. Oct. 7, 2025); see also Martinez v. General Motors LLC, No. 25-7208, 2025 WL 2926885, at *5 (C.D. Cal. Oct. 15, 2025) ("Defendant was not required to research its internal files to determine the value of the vehicle contract at issue.").

Villanueva also contends that the four corners of the Complaint provided GM notice of the nature and monetary relief sought where "both the caption page and accompanying Civil Case Cover Sheet, expressly indicated that the

5

claim was being brought under the state court's unlimited jurisdiction (seeking damages above $35,000.00)." Motion at 13. However, there is no indication of whether the amount demanded is the total amount in controversy, in which case the amount would be too low, or whether this is the amount demanded for actual damages. See Longoria v. Ford Motor Co., No. 22-7560, 2022 WL 16961482, at *3 (C.D. Cal. Nov. 16, 2022) (rejecting similar contention). Thus, the Court concludes that the caption page and Civil Case Cover Sheet were insufficient to trigger GM's thirty-day deadline.

      In sum, the Court concludes that GM's thirty-day deadline for removal was not triggered under 28 U.S.C. § 1446(b) because the Complaint is indeterminate as to the amount in controversy. Thus, the Court concludes that GM's NOR was timely. Accordingly, the Court now turns to the question of whether GM met its burden on removal to establish subject matter jurisdiction.

      Under 28 U.S.C. § 1446(a), a defendant's notice of removal must be signed under Fed. R. Civ. P. 11 and include "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant." The Supreme Court has explained that where removal is based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." Dart Cherokee Basin Operating Co., LLC, v. Owens, 574 U.S. 81, 89 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Id.

      Here, the Court concludes that GM's NOR plausibly alleges the existence of subject matter jurisdiction based on diversity of citizenship and an amount in controversy exceeding $75,000.

On diversity of citizenship—which Villaneuva has not challenged—the NOR points to Villanueva's allegation in the Complaint that he is a California resident. See NOR at 3. The NOR further states that GM's "preliminary investigation also concluded that Plaintiff resided in California when he purchased the subject vehicle, and on other occasions, establishing a plausible basis for intent to remain in California thus providing a plausible basis for citizenship." Id. The NOR states that GM has its principal place of business in Michigan and its sole member is a Delaware Corporation with its principal place of business in Michigan. Id. The NOR states that GM is thus a citizen of Michigan and Delaware. Id. Accordingly, the NOR plausibly alleges complete diversity of citizenship.

On the amount in controversy, the NOR states that based on a preliminary investigation, GM estimated the purchase price for the subject vehicle to be $119,672.56. See id. at 5. The NOR further states that GM estimated $1,228.35 in total deductions.[2] See id. Thus, the NOR states that GM's preliminary investigation "yields a plausible estimate of actual damages of $118,444.21." Id. The NOR further alleges that it would be "reasonable to include a meaningful amount for civil penalties, tied to the actual damages calculated." Id. The NOR further states that based on GM's "prior experience in similar matters, a reasonable estimate of Plaintiff's attorneys' fees accumulated up to this point in litigation is $5,000." Id. at 6. Finally, the NOR states that "[c]onsidering the combination of actual damages, civil penalties, past, and conservatively calculated future attorney's fees, the amount in controversy meaningfully exceeds $75,000." Id. Thus, the NOR plausibly alleges that the amount in controversy exceeds the jurisdictional threshold.

---

[2] GM acknowledges that some courts do not consider offsets when assessing the amount in controversy. See Opp'n at 21-22.

The Court is unmoved by Villanueva's arguments contesting GM's jurisdictional allegations. <u>See</u> Motion at 14-16. To begin, the Court is struck by the apparent lack of a meet-and-confer on this issue. <u>See</u> Opp'n at 12. What's more, Villanueva's arguments regarding the lack of information available from the face of the Complaint strike the Court as disingenuous considering Villanueva's leading argument relies on his contention that "it is impossible to believe that Defendant could not ascertain the amount in controversy exceeded $50,000.00 based on the face of the complaint alone." <u>Compare</u> Motion at 11 <u>with</u> Motion at 14-16 <u>and</u> Reply at 8-14 ("Because it is unclear from the face of the Complaint that the Federal threshold is exceeded . . ."). Nonetheless, to the extent GM was required to provide evidence to establish that the amount in controversy exceeds $75,000, it has done so to the Court's satisfaction. <u>See</u> Opp'n at 23-25; <u>see</u> <u>also</u> Dkt. 13-2.

## IV. CONCLUSION

Accordingly, Villanueva's Motion is DENIED.

Date: November 5, 2025

DOUGLAS F. McCORMICK
United States Magistrate Judge